UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**FRANCIS EDWARD WILKINS**                                               **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 4:25-CV-P43-JHM**

**JOE CASTLEN** *et al.*                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Francis Edward Wilkins brings this action against Daviess County Circuit Court and Daviess County Circuit Court Judge Joe Castlen in both his official and individual capacities. Plaintiff alleges that Judge Castlen violated Plaintiff's Sixth Amendment right to counsel in his state-court criminal action by allowing a pretrial conference to proceed without his court-appointed attorney being present. As relief, Plaintiff seeks damages and injunctive relief in the form of a change of venue and release from pretrial detention.

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Daviess County Circuit Court

Daviess County Circuit Court is part of Kentucky's judicial system. *See* Ky. Const. §§ 109 & 112. The Sixth Circuit "has held that a state court is not a 'person' within the meaning of that term as used in § 1983 [.]" *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). In addition, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Commonwealth of Kentucky has not waived its immunity against § 1983 actions, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Thus, the Sixth Circuit has affirmed the dismissal of claims against a Kentucky circuit court as barred by the Eleventh Amendment. *See McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *4 (6th Cir. 1995).

For these reasons, the Court will dismiss Plaintiff's claims against Daviess County Circuit Court for failure to state a claim upon which relief may be granted and for seeking damages from an entity immune from such relief.

### B. Judge Castlen

Plaintiff's official-capacity claim against Judge Castlen also fails for two similar reasons. First, state officials sued in their official capacities for money damages are not "persons" subject

to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state official in his official-capacity, he fails to state a claim under § 1983. Plaintiff's official-capacity claim against Judge Castlen also fails because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are therefore barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 166, 169 (1985); *see also Bennett v. Thorburn*, 843 F.2d 1390 (6th Cir. 1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment).

Plaintiff's individual-capacity claim against Judge Castlen also fails to state a claim upon which relief may be granted. This is because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "'a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Thus, because Plaintiff's complaint pertains only to actions taken by Judge Castlen in his judicial capacity and within his jurisdictional authority, the individual-capacity claim against him is barred by judicial immunity.

**B. Injunctive Relief**

Plaintiff asks the Court to order a venue change for his state-court criminal action due to the alleged violation of his Sixth Amendment right to counsel. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal

4

court may not enjoin pending state criminal prosecutions. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); *see also Doe v. University of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

"To abstain under *Younger*, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). "[A]bsent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire*, 469 F.3d at 555 (quoting *Younger*, 401 U.S. at 53-54).

All three requirements are met here. First, it is evident that Plaintiff's state-court criminal action is ongoing. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). Second, state criminal proceedings clearly involve important state interests. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Third, Plaintiff's state-court criminal proceeding provides an adequate opportunity for him to raise his constitutional challenge. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should

assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995). Abstention is therefore appropriate.

Additionally, as to Plaintiff's request for release from pretrial detention, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: May 28, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011